```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PET360, INC., f/k/a              :     CIVIL ACTION
PETFOODDIRECT, INC.              :
                                 :
          v.                     :
                                 :
KIM SCHINNERER, et al.           :     NO. 11-5974
```

MEMORANDUM

Bartle, J.                                           June 6, 2012

        Plaintiff Pet360, Inc., f/k/a/ Petfooddirect, Inc., brings this action against defendant Kim Schinnerer, a former executive of plaintiff, and against defendant Delphinus Felix, LLC, a Florida limited liability company of which Schinnerer is the sole member.  Plaintiff is a Delaware corporation with its principle place of business in Pennsylvania while defendant Schinnerer is a citizen of Florida.

        Plaintiff alleges in Count I of its complaint that defendants violated the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.  The remaining counts plead state law claims.  In Count II, plaintiff avers that defendants violated the Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stat. Ann. § 5301.  Counts III claims defendants engaged in breach of contract while Count IV asserts defendants breached their fiduciary duty to plaintiff.  The complaint avers that "the amount in controversy, exclusive of interests [sic] and costs,

exceeds the sum or value of Seventy-Five Thousand ($75,000.00) Dollars."

Before the court is the motion of defendants to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

When reviewing a facial challenge to subject matter jurisdiction under Rule 12(b)(1), the court accepts the plaintiff's allegations as correct and draws inferences in the plaintiff's favor.  Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 & n.4 (3d Cir. 2002); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A facial challenge to subject matter jurisdiction is one in which a defendant argues that "the allegations on the face of the complaint, taken as true," are insufficient to invoke the court's jurisdiction.  Turicentro, 303 F.3d at 300.

Defendants argue that the court cannot exercise jurisdiction over Count I pursuant to 28 U.S.C. § 1331 and that

---

1.  The plaintiff moved for entry of default judgment against both defendants on January 30, 2011.  On February 16, 2012, defendants filed an omnibus opposition to the motion for entry of default judgment, cross-motion to dismiss for insufficient process, lack of personal jurisdiction, and lack of subject-matter jurisdiction, and motion in the alternative to lift the clerk's entry of default and transfer the matter to the United States District Court for the Southern District of Florida.  On February 22, 2012, the court ordered the plaintiff to respond only to the defendants' arguments pertaining to subject-matter jurisdiction.  The remaining aspects of the motion were deferred.  Thus, of the numerous issues raised in defendants' February 16 filing, only the issue of the court's subject-matter jurisdiction is currently before the court for disposition.

consequently it cannot assert supplemental jurisdiction over Counts II through IV pursuant to 28 U.S.C. § 1367.  Defendants also contend that even if the court does have jurisdiction over Count I under § 1331, the claims in Counts II through IV are not "so related" to the subject matter of Count I as to be part of the same "case or controversy" for the purposes of § 1367.  Without the benefit of § 1367, defendants maintain, the court lacks subject-matter jurisdiction over the state law claims under 28 U.S.C. § 1332 because the damages do not exceed $75,000, exclusive of interest and costs.

Defendants contend that the court cannot exercise jurisdiction over Count I pursuant to § 1331 because that count fails to state a valid claim for relief under the federal CFAA.  In analyzing the scope of our jurisdiction under § 1331, we do not ask whether the plaintiff has stated a federal law claim that can withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  See Bell v. Hood, 327 U.S. 678, 682 (1946); Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980).  Instead, we follow the "well-pleaded complaint rule" and ask whether "the face of plaintiff's properly pleaded complaint" presents a claim for relief arising under federal law, a federal treaty, or the United States Constitution.  Bracken v. Matgouranis, 296 F.3d 160, 163-64 (3d Cir. 2002); see 28 U.S.C. § 1331.  Plaintiff's claim in Count I arises under a provision of the federal CFAA, specifically 18 U.S.C. § 1030(g).  Accordingly,

the court has jurisdiction over Count I pursuant to 28 U.S.C. § 1331, regardless of whether it should be dismissed under Rule 12(b)(6).

Defendants contend that even if the court has jurisdiction over Count I pursuant to § 1331, the court cannot exercise supplemental jurisdiction over the state law claims in Counts II through IV pursuant to 28 U.S.C. § 1367.  Under § 1367(a), the court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action" within the court's original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367.  Our Court of Appeals has explained that claims are part of the same case or controversy for the purposes of § 1367 "if they 'derive from a common nucleus of operative fact,' and 'are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding ....'"  Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

Even if defendants are correct that the plaintiff's CFAA claim in Count I does not share a common factual basis with Counts II through IV, the court may entertain those claims if it has an independent basis for exercising jurisdiction over them.  We therefore consider whether we may assert jurisdiction over Counts II through IV pursuant to 28 U.S.C. § 1332.  In order to invoke the court's jurisdiction under § 1332, the plaintiff must

-4-

demonstrate that complete diversity of citizenship exists and that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1); Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990).

It is undisputed that the plaintiff is of diverse citizenship from the defendants within the meaning of § 1332.[2] With respect to the amount-in-controversy requirement, "The rule ... is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); see Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 540-41 (3d Cir. 1995).

Although the complaint does not set forth the total amount of plaintiff's damages, it alleges that the value of plaintiff's claims exceeds $75,000. Plaintiff has pleaded that Schinnerer misappropriated property and funds from it and that it was forced to conduct an investigation into Schinnerer's

---

2. For the purposes of § 1332, plaintiff is a citizen of both Delaware and Pennsylvania, the states in which it is incorporated and has its principal place of business, respectively. 28 U.S.C. § 1332(c)(1). According to the complaint and to his own affidavit, defendant Schinnerer is a domiciliary of Florida, making him a citizen of Florida for the purposes of diversity jurisdiction. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). Defendant Delphinus Felix, LLC, is also a citizen of Florida because its sole member, Schinnerer, is domiciled in Florida. See Carden, 494 U.S. at 195-96; Zambelli Fireworks, 592 F.3d at 419-20.

activities following his termination.  Plaintiff has submitted an affidavit from its chief executive officer stating that the company has incurred damages exceeding $152,000 as a result of the actions by defendants that are the subject of this lawsuit.

Moreover, the complaint requests multiple kinds of injunctive relief.  For example, plaintiff requests that the court order the defendants to disclose "all uses made of [plaintiff's] assets, confidential, proprietary and trade secret information," to disclose the names of all persons to whom defendants disclosed such information, and to render an accounting of any profits earned using such information.  To value the requested injunction for the purposes of determining the amount in controversy under § 1332, we measure "the value of the right sought to be protected by the equitable relief."  Byrd v. Corestates Bank, N.A., 39 F.3d 61, 65 (3d Cir. 1994).  Our Court of Appeals has observed that it is difficult to quantify the value of such rights, but in this case, we need not reduce to a specific dollar amount what plaintiff seeks to protect.  See Columbia Gas Transmission Corp., 62 F.3d at 541-42.  Regardless of the precise value of plaintiff's right to be free from defendants' meddling in its business affairs, the combination of the requested injunction and the alleged monetary damages precludes any appearance to "a legal certainty" that plaintiff cannot recover the amount in controversy required to invoke this court's jurisdiction under 28 U.S.C. § 1332(a).  St. Paul Mercury Indem. Co., 303 U.S. at 288-89.

Accordingly, the court has subject-matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1332(a). The motion of defendants to dismiss the complaint under Rule 12(b)(1) will be denied.